IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ATHINA LEONA CHARBONNEAU and DANIEL LEE CHARBONNEAU,<br><br>            Plaintiffs,<br>   v.<br><br>ALASKA FAMILY COURT, THIRD JUDICIAL DISTRICT AT ANCHORAGE, et al.,<br><br>            Defendants. | Case No. 3:25-cv-00088-SLG |

## **ORDER OF DISMISSAL UPON SCREENING**

On May 6, 2025, self-represented litigants Athina Leona Charbonneau and Daniel Lee Charbonneau ("Plaintiffs") filed a federal civil complaint,[1] a civil cover sheet,[2] an application to waive the filing fee,[3] and a motion to seal this case.[4] Plaintiffs' Complaint alleges claims against Plaintiff Athina Charbonneau's ex-husband, the Alaska Court System, the Office of Public Advocacy, and other individuals related to seven concurrent family court cases from 2020 to the present.[5] Plaintiffs also filed a civil rights complaint directed to the Department of

---

[1] Docket 1 at 8-13.

[2] Docket 2.

[3] Docket 3.

[4] Docket 4.

[5] Docket 1 at 8-13.

Justice, which the Clerk's Office docketed with this Complaint,[6] and attached 103 pages of documents, including police reports, text messages, medical records, social media posts, and state court records.[7]

In Claim 1, Plaintiffs allege Defendants violated their First Amendment right to familial association, Fourth Amendment right against unreasonable interference, and Fourteenth Amendment right to due process. In Claim 2, Plaintiffs allege Defendants violated the Violence Against Women Act. In Claim 3, Plaintiffs allege conspiracy under 18 U.S.C. § 241. In Claim 4, Plaintiffs allege defamation, slander, and libel. In Claim 5, Plaintiffs allege emotional distress and mental anguish. In Claim 6, Plaintiffs allege malicious prosecution and abuse of power. For relief, Plaintiffs request the invalidation of all state court orders, an order for custody of Plaintiff Athina Charbonneau's children, compensatory damages of $5 million, and punitive damages of $2 million against each Defendant, among other relief.[8]

The Court has now screened Plaintiffs' Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, the Complaint fails to state a claim for which relief may be granted. Additionally, as explained below, Plaintiffs' claims related to state court custody proceedings—whether ongoing or closed—cannot proceed in federal court, and Plaintiffs cannot

---

[6] Docket 1 at 1-7. The Court has not screened that filing, as it was not directed to the Court.

[7] Docket 1-1.

[8] Docket 1 at 12.

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 2 of 13
Case 3:25-cv-00088-SLG    Document 6    Filed 09/24/25    Page 2 of 13

bring claims based on criminal statutes in federal court. Additionally, Plaintiffs name improper defendants. Therefore, the Complaint is DISMISSED. Because there are no additional facts that could possibly cure the deficiencies, the Court finds that allowing leave to file an amended complaint would be futile.[9] Therefore, this case must be dismissed.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[11]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

[9] *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations)*; Carrico v. City & Cnty. of San Francisco,* 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

[10] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[11] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 3 of 13
Case 3:25-cv-00088-SLG    Document 6    Filed 09/24/25    Page 3 of 13

the plaintiff, and resolve all doubts in the plaintiff's favor.[12] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13] A federal court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim;[14] and it is not a court's responsibility to review exhibits to identify possible claims. Generally, the scope of review is limited to the contents of the complaint, but a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[15] However, documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[16]

If a federal court dismisses a complaint, then ordinarily, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[17]

---

[12] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[13] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[14] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[15] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[16] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[17] *Lopez v. Smith,* 203 F.3d at 1127.

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 4 of 13
Case 3:25-cv-00088-SLG     Document 6     Filed 09/24/25     Page 4 of 13

### I. The Court cannot interfere with state court child custody proceedings

The *Younger* abstention doctrine and the *Rooker-Feldman* doctrine serve distinct but related purposes in limiting federal court intervention in state court proceedings. Both doctrines are rooted in principles of federalism, comity, and respect for state judicial processes. Domestic relations disputes, including divorce, alimony, and child custody, are matters of state law within the province of the state courts.[18] The *Younger* abstention doctrine, established in *Younger v. Harris*,[19] prevents federal courts from disrupting state court proceedings "in the absence of great and immediate irreparable injury to the federal plaintiff."[20]

The *Rooker-Feldman* doctrine establishes that lower federal courts, such as district courts, lack jurisdiction to review or invalidate state court judgments.[21] The doctrine applies not only to direct appeals of state court judgments but also to cases where federal claims are "inextricably intertwined" with issues already decided by a state court.[22] *Rooker-Feldman* ensures that state appellate

---

[18] *See Buechold v. Ortiz,* 401 F.2d 371, 372 (9th Cir. 1968) (citations omitted).

[19] 401 U.S. 37 (1971).

[20] *Moore v. Sims,* 442 U.S. 415, 424 (1979) (applying *Younger* abstention doctrine to prevent federal court action seeking to enjoin pending state child custody proceeding brought by state authorities).

[21] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). *See also Partington v. Gedan,* 961 F.2d 852, 864 (9th Cir.1992) ("Under the 'Rooker–Feldman doctrine,' review of state court decisions may only be conducted in the United States Supreme Court.").

[22] *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003).

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 5 of 13
Case 3:25-cv-00088-SLG   Document 6   Filed 09/24/25   Page 5 of 13

processes are respected and that federal courts do not undermine the finality of state court decisions.

All of Plaintiffs' claims relate to state court cases involving domestic violence, divorce, and child custody. In fact, Plaintiffs specifically requests a declaratory judgment that all orders and judgments relating to them in all seven state court cases are void; they also seek a new custody order.[23] But this Court lacks jurisdiction to review or invalidate state court orders and judgments and lacks jurisdiction to enter a child custody order. Insofar as state proceedings are ongoing, *Younger* abstention requires dismissal.[24] If the state court proceedings have concluded, then the *Rooker–Feldman* doctrine precludes the claims in this case.

## II.  Criminal statutes do not give rise to civil liability

Plaintiffs allege a violation of 18 U.S.C. § 241, Conspiracy.[25] Title 18 covers federal crimes liability.[26] Plaintiffs cannot bring a claim under Title 18 or any other criminal statutes in a civil case. Criminal proceedings, unlike private civil

---

[23] Docket 1 at 12.

[24] The *Younger* doctrine, also known as "*Younger* abstention," is a principle of federalism and comity that limits the ability of federal courts to interfere with ongoing state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). *See H.C. ex rel. Gordon v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (dismissing case under *Younger* where parents sought "wholesale federal intervention into an ongoing state domestic dispute" involving child custody).

[25] Docket 1 at 11.

[26] *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 6 of 13
Case 3:25-cv-00088-SLG     Document 6     Filed 09/24/25     Page 6 of 13

proceedings, are public acts initiated and controlled by the Executive Branch."[27] Therefore, Claim 3 must be dismissed.

### III. Violence Against Women Act (VAWA)

The Violence Against Women Act (VAWA) does not provide a general private right of action.[28] Instead, it provides limited remedies in specific contexts related to immigration proceedings,[29] federally funded housing programs,[30] and educational institutions receiving federal funds.[31] It also criminalizes interstate domestic violence and stalking conduct, but those provisions can only be enforced by federal prosecutors—not private individuals.[32] Because Plaintiffs' allegations do not involve federally funded housing, education, or immigration, Claim 2 must be dismissed.

### IV. Civil Rights Claim

Claim 1 alleges that all Defendants violated Plaintiffs' "First Amendment right to familial association, Fourth Amendment right against unreasonable interference, and Fourteenth Amendment right to due process."[33]

---

[27] *Clinton v. Jones,* 520 U.S. 681, 718 (1997).

[28] See *United States v. Morrison*, 529 U.S. 598, 627 (2000).

[29] *See* 8 U.S.C. § 1229b(b)(2); *see also Jaimes-Cardenas v. Barr*, 973 F.3d 940, 943 (9th Cir. 2020).

[30] 34 U.S.C. § 12491. *See also McIntire v. Hous. Auth. of Snohomish Cnty.,* 731 F. Supp. 3d 1212, 1222 (W.D. Wash. 2024)

[31] 20 U.S.C. § 1092(f).

[32] 18 U.S.C. §§ 2261–2266.

[33] Docket 1 at 11.

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 7 of 13
Case 3:25-cv-00088-SLG     Document 6     Filed 09/24/25     Page 7 of 13

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[34] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[35] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[36] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[37]

> **A. Plaintiffs cannot bring a civil rights claim against the State of Alaska, the Alaska Superior Court, or the Office of Public Advocacy**

A defendant in a civil rights lawsuit must be a "person."[38] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the state's governmental branches and agencies—from being sued in federal court unless the state has waived its immunity.[39] The State of Alaska has not waived immunity for civil rights

---

[34] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[35] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[36] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[37] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[38] 42 U.S.C. § 1983.

[39] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh*,

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 8 of 13
Case 3:25-cv-00088-SLG     Document 6     Filed 09/24/25     Page 8 of 13

claims alleging violations of the federal Constitution in federal court. Therefore, Plaintiffs' claim against the State of Alaska, the Alaska Superior Court, and the Office of Public Advocacy are not viable in federal court and Claim 1 must be dismissed against them.

### B. Judicial Immunity

Judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity.[40] Judicial immunity is an immunity from suit, not just the award of damages.[41] Judicial immunity applies even if a judge's actions were in error, malicious, or in excess of their authority.[42] Therefore, Plaintiffs' constitutional claim against Superior Court Judge Adolf Zeman must be dismissed.

### C. No other state actors.

Plaintiffs also name Julie Hammon, whom they identify as the former GAL assigned to the cases, as a Defendant in Claim 1. Although GALs are appointed by a state court, courts have consistently held that guardians ad litem do not act under color of state law, as their duties are performed independently and for the benefit of the child, not the state.[43] Therefore, Plaintiffs cannot state a viable constitutional claim against Ms. Hammond.

---

348 U.S. 781 (1978).

[40] *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985). *See also Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir. 2004).

[41] *Mireles v. Waco,* 502 U.S. 9, 11 (1991).

[42] *Pierson v. Ray,* 386 U.S. 547, 554 (1967).

[43] *See, e.g., Kirtley v. Rainey,* 326 F.3d 1088, 1093–96 (9th Cir. 2003) (holding that a court-

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 9 of 13
Case 3:25-cv-00088-SLG     Document 6     Filed 09/24/25     Page 9 of 13

Plaintiffs also claim Ms. Charbonneau's ex-husband (Colt Justin Tennant), his spouse (Marcy Richards), and Mr. Charbonneau's ex-partner (Amy Sue Ast Streb), and other individuals also violated their constitutional rights.[44] However, to be liable under Section 1983, a defendant must have been acting under color of state law. Constitutional claims against private parties, no matter how discriminatory or wrongful, are not viable in federal court, unless their actions are attributable to a state or local government.[45] Therefore, Plaintiffs have no viable Section 1983 claim against any of these private individuals and Claim 1 must be dismissed.

V.   **Plaintiffs' remaining claims**

Plaintiffs also allege defamation, emotional distress, and malicious prosecution against various individuals.[46] These allegations describe tort claims grounded in state law that are typically addressed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable

---

appointed guardian ad litem in a custody dispute was not a state actor for § 1983 purposes, because she was not controlled by the state, was independent, and owed duties to the child, not the state); *Cox v. Hellerstein*, 685 F.2d 1098, 1099–1100 (9th Cir. 1982) (finding guardian ad litem immune from suit).

[44] Docket 1 at 11.

[45] *Price v. State of Hawaii,* 939 F.2d 702, 708 (9th Cir.1991); *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982).

[46] Docket 1 at 11-12.

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 10 of 13
Case 3:25-cv-00088-SLG     Document 6     Filed 09/24/25     Page 10 of 13

federal claim,[47] or if the Court has diversity jurisdiction over the case.[48] Here, the parties are all citizens of the same state, so the Court does not have diversity jurisdiction over any state claims. And because Plaintiffs have no viable federal claims against these individual defendants, the Court cannot and will not exercise supplemental jurisdiction over these state law claims.

## VI. Conclusion

In summary, the Court lacks jurisdiction over claims that are inextricably intertwined with state child custody proceedings, the state court judge overseeing those proceedings is immune from suit, the state and state agencies are improper defendants, and the private individuals are not state actors. Plaintiffs cannot bring civil claim for damages based on a criminal statute in federal court and cannot state a plausible VAWA claim. And the Court does not have jurisdiction over the state tort claims. For these reasons, the Complaint must be dismissed. The Court finds that no additional facts could be added to remedy the deficiencies in this case, so this dismissal must be without leave to amend.

## VII. Plaintiffs' motion to seal

At Docket 4, Plaintiffs filed a motion to seal this case in order to protect the children's privacy. In general, the public has a right "to inspect and copy public

---

[47] A federal court can exercise supplemental jurisdiction over state law claims that arise out of the same transaction or occurrence as the claims set forth in the original complaint. *See* 28 U.S.C. § 1367.

[48] A federal court has diversity jurisdiction over actions between citizens of different states involving an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 11 of 13
Case 3:25-cv-00088-SLG    Document 6    Filed 09/24/25    Page 11 of 13

records and documents, including judicial records and documents."[49] Although access to judicial records is not absolute, there is a "strong presumption in favor of access."[50] "[A] court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture."[51] The Court can order the unsealing or redaction of any sealed document for the public record.[52]

Plaintiffs' motion does not comply with the Local Civil Rules.[53] But in the interest of protecting the three minor children's privacy, Plaintiffs' motion is GRANTED in part. The Court will not seal that entire case, but because Plaintiffs' filing included the children's full names and dates of birth,[54] along with medical assessments,[55] text messages and social media posts containing sensitive information, and a guardian ad litem report subject to strict confidentiality rules,[56] Docket 1 and the attachments included in Docket 1-1 shall remain under seal.

---

[49] *Kamakana v. Cty. and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation and citation omitted).

[50] *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003).

[51] *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096–97 (9th Cir. 2016) (internal quotation, alteration, and citation omitted).

[52] Alaska Local Civil Rule 7.3(f)(7).

[53] *See* Alaska Local Civil Rule 7.3(f).

[54] Docket 1 at 2, 8.

[55] *See, e.g.,* Docket 1-1 at 13-21.

[56] Docket 1-1 at 32-54.

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 12 of 13
Case 3:25-cv-00088-SLG    Document 6    Filed 09/24/25    Page 12 of 13

IT IS THEREFORE ORDERED:

1. This Complaint is **DISMISSED without leave to amend.**

2. Plaintiffs' motion at **Docket 4 is GRANTED in part**; the Clerk shall unseal this case, except for Docket 1 and the attachments at Docket 1-1, which shall remain under seal. The remainder of this case shall be unsealed.

3. Any remaining motions are **DENIED as moot**.

4. The Clerk shall issue a final judgment and close this case.

DATED this 24th day of September, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00088-SLG, *Charbonneau, et al. v. Alaska Family Court, Third Judicial District at Anchorage, et al.*
Order of Dismissal Upon Screening
Page 13 of 13
Case 3:25-cv-00088-SLG    Document 6    Filed 09/24/25    Page 13 of 13